UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BERNARD DUNCAN,

*Plaintiff-Appellant,*

v.

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF CORRECTIONS;
MECKLENBURG CORRECTIONS FACILITY,
*Defendants-Appellees.*

No. 00-2551

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-00-101-3)

Submitted: April 13, 2001

Decided: May 25, 2001

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Bernard Duncan, Appellant Pro Se. Margaret Alice Browne, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-
ginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Bernard Duncan seeks to appeal the district court's orders dismissing his race discrimination claim as untimely and granting summary judgment to Defendants on his retaliatory discharge claim in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). Finding no error, we affirm.

Duncan is an African-American male. From 1989 until 1996, Duncan was employed as a correctional officer at the Mecklenburg Correctional Facility ("Mecklenburg"). In 1994, Duncan filed a complaint against Mecklenburg with the Equal Employment Opportunity Commission ("EEOC"). Duncan brought suit on this complaint, which was dismissed by the district court. In 1995, Duncan filed a second complaint with the EEOC, alleging he had been subjected to retaliatory treatment for filing his first EEOC complaint in 1994. The Defendants allege they were unaware of this complaint. In any event, Duncan was rehired after the Warden at Mecklenburg reduced the disciplinary action against Duncan to a level insufficient to warrant termination.

In 1996, Mecklenburg terminated Duncan's employment. Duncan filed his third EEOC complaint alleging that his termination was in retaliation for filing his first EEOC complaint in 1994. He also claimed that his termination was based on race discrimination. The Defendants presented evidence that Duncan was terminated because of his refusal to work mandatory overtime in accordance with Mecklenburg's overtime policy on January 5, 1996, and again on January 7, 1996. This caused Duncan to incur two disciplinary violations which, when coupled with earlier violations, warranted his termination. The district court granted the Defendants' motion for summary judgment on the retaliation claim after concluding Duncan did not establish a prima facie Title VII case. Further, Duncan's race discrimination claim was dismissed as untimely.

This court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To prevail on a Title VII retaliation claim, Duncan must show that: (1) he engaged in a protected activity; (2) an adverse employment action was taken against him; and (3) there was a causal connection between the first two elements. *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 754 (4th Cir. 1996). If Duncan establishes a prima facie case, the burden shifts to Mecklenburg to produce evidence of a legitimate, non-discriminatory reason for the adverse action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If Mecklenburg meets this burden, Duncan must show by a preponderance of the evidence that the proffered reason was pretextual, and that his termination was motivated by discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, ___, 120 S. Ct. 2097, 2108-09 (2000).

Duncan did not satisfy the third element, causation, necessary to make a prima facie showing of retaliation. Duncan established he engaged in a protected activity, filing his 1994 EEOC complaint, *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994), and that he suffered from an adverse employment action, termination. *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 775 (4th Cir. 1997). However, since two years elapsed between the time Duncan filed his EEOC complaint and the time he was discharged, Duncan has not established causation. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998).

Additionally, Duncan's refusal to comply with Mecklenburg's mandatory overtime requirement provided the prison with a legitimate reason to terminate Duncan's employment. Since Duncan has not established that the stated reason for his termination is pretextual because it lacks credibility, he has not established that his termination was retaliatory. *Reeves*, 120 S. Ct. at 2108.

Finally, because Duncan has not shown the district court erred in dismissing his race discrimination claim as untimely, we deny Duncan's motion to reinstate this claim.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*